OPINION
On April 6, 1994, appellant was indicted by the Delaware County Grand Jury. On June 8, 1994, he entered a plea of guilty to Non-support of Dependents in violation of R.C. 2919.21(A)(2). He was sentenced to a definite term of incarceration of one and one-half years. The sentence was suspended, and he was placed on probation for five years. The child support obligation arose out of a Divorce Decree filed December 31, 1984.
On April 16, 1996, appellant pled guilty to two counts of Aggravated Trafficking in Drugs. He was sentenced to a definite term of incarceration of two years, on each count, to be served consecutively. The sentence was suspended, and he was placed on probation. On July 5, 1996, the original sentence was imposed as the result of a probation violation.
Based on his incarceration, appellant filed a Motion for Modification and Temporary Suspension of Child Support on April 15, 1998. Appellant filed the motion in the 1994 criminal action. The trial court overruled the motion.
Appellant assigns a single error:
ASSIGNMENT OF ERROR:
 THE TRIAL COURT DID NOT ERR IN NOT HOLDING HEARING TO DETERMINE WHETHER THE DEFENDANT HAD A CHANGE OF CIRCUMSTANCES SUCH AS TO WARRANT A CHANGE IN HIS CHILD SUPPORT OBLIGATION.
This court has previously held that violation of the law and subsequent incarceration are voluntary acts, not beyond the control of the child support obligor. We, therefore, have held that termination or modification of child support based on incarceration is not appropriate, as the obligor is voluntarily unemployed. Stewart vs. Clay (December 15, 1997), Stark App. No. 1997CA00161, unreported; Willis vs. Willis (February 23, 1998), Stark App. No. 1996CA00244, unreported.
Accordingly, the Assignment of Error is overruled.
The judgment of the Delaware County Common Pleas Court is affirmed.
By: Reader, J., Hoffman, P. J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Delaware County Common Pleas Court is affirmed. Costs to appellant.